## UTERBURGH *v.* THE STATE.

A mistake in an indictment as to the defendant's name cannot be taken advantage of after a plea of not guilty.

The statute which permits every matter of defence to be proved under the general issue, on the trial of indictments, means matter in bar of the prosecution, not mere matter in abatement.

*Tuesday,*     ERROR to the *Johnson* Circuit Court.
*November 24.*   BLACKFORD, J.—Indictment against *Samuel Uterburgh* for
knowingly suffering a horse to be run in a horserace, &c.
Plea, not guilty. The cause was submitted to the Court.

    A bill of exceptions shows, that a witness for the state testified, that one *Samuel Hudiburgh*, on, &c., at,, &c., ran his
horse along the state road, &c., with one *Hobbs*, each riding
his own horse; that the defendant in this cause, then in
Court, was the same person he saw ride the race; that he
had known said *Hudiburgh* thirteen years, and had never
heard him called by the name of *Uterburgh*, nor by any other
name than that of *Hudiburgh*.

    On this evidence, the Court found the defendant guilty.
Motion for a new trial overruled, and judgment on the verdict.

    There is no ground for this writ of error. Supposing the
difference between the names *Uterburgh* and *Hudiburgh*
to be sufficient to show a misnomer, the objection should
have been taken by a plea in abatement. That is the rule in
criminal as well as in civil cases. It is true, the statute says
that on the trial of all indictments, a defendant may plead the

general issue, and give in evidence any and every matter of defence. R. S. 1843, p. 994. But by matter of defence, the statute means matter in bar of the prosecution, not mere matter in abatement. The defendant, by pleading not guilty, admitted his name to be *Samuel Uterburgh*, as he is designated in the indictment, and was estopped by that admission from afterwards denying that to be his name.

*Per Curiam.*—The judgment is affirmed with costs.

*H.* and *H. Brown*, for the plaintiff.

*A. A. Hammond*, for the state.